*441 OPINION OF THE COURT
John A. Milano, J.
Defendants move by order to show cause why an order should not be made pursuant to CPLR 2304 quashing a subpoena duces tecum and why a protective order should not be made pursuant to CPLR 3122, as to a notice of production, both served by fax upon the defendants on July 12, 1994 on the ground that the materials sought are attorney work product and are prepared in anticipation of litigation and for trial and for such other and further relief as may be just, proper and equitable.
This is a personal injury action arising out of a motor vehicle accident which took place on July 10, 1991 at the northbound exit ramp of the eastbound Long Island Expressway at exit 49 in the County of Suffolk. Depositions were held, discovery completed, note of issue and certificate of readiness filed and the matter scheduled to commence jury selection on August 17, 1994.
That in response to a notice for discovery and inspection dated July 31, 1992 the attorneys for the defendants served a supplemental response on July 8, 1994 forwarding three videotapes depicting video surveillance of the plaintiff, Samuel Grossman, taken on May 30, June 5 and June 9, 1994. The said videotapes were in "raw” form, uncut and unedited. The attorney for the defendants being "fully familiar with all the facts and circumstances herein”, affirms that there are "no transcripts of the Audio content of the video tapes nor any memoranda concerning their content.” The attorney for the plaintiffs acknowledges that the said videotapes were received and in their possession. The documents and things sought in the said subpoena duces tecum and the notice of production are the same, and refer to: "All photographs/films/video tapes, slides, tape recordings, audio tapes, audio/magnetic reproductions and descriptions of all of the parties and conditions in question, whether surveillance materials or otherwise, and all surveillance reports, correspondence, memoranda, bills, invoices and proof of payments for surveillance, investigative services reported, records, notes and logs of all of the parties and any material relevant to this lawsuit that the defendant(s) intends to produce at the time of the trial, and the names and addresses of all investigators and photographers in this matter. This includes, but is not limited to records of amount of footage of film/video/audio tape used; *442 the type of equipment used to take, develop and convert/edit and transfer and transcribe such film/tape; the make and model of all equipment, lenses and range settings used. This requires production of all such materials and not just those portions that you may select to profer into evidence.”
The Court of Appeals in DiMichel v South Buffalo Ry. Co. (80 NY2d 184, cert denied — US —, 114 S Ct 68), resolving an Appellate Division dispute, held that defense surveillance tapes are indeed materials prepared in anticipation of litigation and as such are to be afforded a qualified privilege against disclosure, which privilege is overcome only by the plaintiff meeting its burden of making a factual showing of substantial need and undue hardship. DiMichel was codified in CPLR 3101 (i) in 1993 and provides: "(i) In addition to any other matter which may be subject to disclosure, there shall be full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use. The provisions of this subdivision shall not apply to materials compiled for law enforcement purposes which are exempt from disclosure under section eighty-seven of the public officers law.”
A review of the items demanded reveals to this court that except for the actual videotapes themselves, said items comprise attorney work product and materials prepared in anticipation of litigation and for trial and as such are classes of documents and things protected pursuant to CPLR 3101 (c) and (d).
Specifically, the plaintiffs demand the production of "all surveillance reports correspondence, memoranda, bills, invoices and proof of payments for surveillance, investigative services reported, records, notes and logs of all of the parties and any material relevant to this lawsuit that the defendants) intends to produce at time of the trial, and the names and addresses of all investigators and photographers in this matter.” The balance of the material sought concerns the amount of tape, and the manner and equipment used in obtaining the videotaped surveillance.
The plaintiffs herein, by their attorney, have not shown at this time that they have substantial need of the said materials in the preparation of their case and are unable without undue hardship to obtain the substantial equivalent of the materials *443 by other means, as required by CPLR 3101 (d) (2). The tapes are what they are and they show what they show. If the plaintiffs’ attorneys seek to attack the videotapes, their content or the method in which they were recorded, they have every right to do so at time of trial when they are offered to be admitted into evidence. At that time plaintiffs’ attorneys may exercise their right to a voir dire of the witness who would be laying the foundation for the admission of the said videotapes into evidence. Plaintiffs have not met their burden of proof, nor made any showing of substantial need or undue hardship as to any of the material they seek in either the subpoena duces tecum or the notice to produce. As stated in Careccia v Enstrom (174 AD2d 48 [3d Dept 1992]), the authenticity of a surveillance videotape may be verified through ordinary trial tactics such as voir dire and cross-examination of the person who has made the videotape. The Court of Appeals in DiMichel (supra) broadened the holding in Careccia and required the production of the surveillance tapes prior to the time of trial, recognizing the discretion of the Trial Court Judge to grant a continuance if it determined that one is needed to authenticate the video evidence.
There is no support, in either statutory law or case law, to support the tremendous expansion of the field of discovery that the plaintiffs attempt to accomplish. At its broadest interpretation, CPLR 3101 (i) requires surveillance videotapes and memoranda and transcripts. (See, Marigliano v Krumholtz, 159 Misc 2d 596 [Sup Ct, Queens County 1993].)
CPLR 3101 (i) does not either expressly or impliedly refer to any of the above information demanded such as invoices, reports, correspondence, bills, records of footage, proof of payment, logs of surveillance, etc. Plaintiffs have offered no case law which supports this demand. As such, plaintiffs are not entitled to such information as a matter of law.
Without statutory or case law precedents, this court will not rewrite yet another exception to the rule governing materials prepared for litigation, which is the function of the Legislature and not the courts.
Accordingly, the motion of the defendant is granted, the subpoena duces tecum is quashed pursuant to CPLR 2304, and a protective order is granted as to plaintiffs’ notice to produce pursuant to CPLR 3122, consistent with this decision and order.