*13 OPINION OF THE COURT
Bert A. Bunyan, J.
Plaintiffs move to preclude third-party defendant from offering into evidence or otherwise using at trial certain surveillance materials, or, in the alternative, providing plaintiffs an opportunity to review the original videotape of plaintiff, Shirley Hicklen, made on behalf of third-party defendant; giving plaintiffs’ expert an opportunity to review said tape; and producing each person who videotaped plaintiff for an examination before trial.
This is a personal injury action arising out of a slip and fall, on or about April 21, 1989, at defendants’ premises. In September of 1994, third-party defendant provided plaintiffs’ attorney with a copy of a videotape of surveillance of plaintiff, Shirley Hicklen.
Plaintiffs seek to challenge the accuracy and authenticity of said surveillance tape to prepare for trial and in anticipation of its use at trial. Additionally, plaintiffs contend that deposition(s) of the person(s) who conducted the surveillance of the plaintiff are necessary, as these individual(s) are nonparty witnesses to the physical condition of the plaintiff.
In response to the instant motion, third-party defendant consents to permit plaintiff to inspect an original videotape as well as have an expert on behalf of plaintiff review said tape. However, third-party defendant objects to preclusion, as a copy of the tape was turned over. Third-party defendant further objects to producing the person(s) who videotaped the plaintiff for deposition(s). The primary basis for objecting to the deposition(s) is attorney work product, to wit, that the person(’s) who made the surveillance tape were working at the specific request of said attorney’s office.
In the instant action third-party defendant has provided a copy of the surveillance tape and has consented to produce the original. Plaintiff does not submit a copy of a demand for discovery of said video surveillance or state whether such a demand was made. Accordingly, preclusion would be inappropriate at this juncture.
Neither side cites statutory or case law authority for their respective positions with reference to the request for deposition(s) of the person(s) who took the videotape. This court finds that the requested deposition(s) are covered by a qualified attorney work product privilege.
The Court of Appeals in DiMichel v South Buffalo Ry. Co. (80 NY2d 184 [1992], cert denied sub nom. Poole v Consolidated *14 Rail Corp., — US —, 114 S Ct 68, 126 L Ed 2d 37) held that "surveillance films should be treated as material prepared in anticipation of litigation, and as such, are subject to a qualified privilege that can be overcome only by a factual showing of substantial need and undue hardship” (at 196). The Court placed the same burden upon the plaintiff of a factual showing as is required by CPLR 3101 (d) (2). The Court held, inter alia, that there was a substantial need to view the surveillance films before trial so as to permit plaintiff an adequate opportunity to ascertain the film’s accuracy and authenticity. The Court further held that the plaintiff could not, without undue hardship, obtain the substantial equivalent of surveillance material by other means.
CPLR 3101 (i) was enacted to codify the holding of DiMichel (supra) and provides in pertinent part: "(i) In addition to any other matter which may be subject to disclosure, there shall be full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use.”
This court is unwilling to extend CPLR 3101 (i) so as to include the directing of deposition(s) of the person(s) who took the surveillance film. While CPLR 3101 (i) requires the exchange of surveillance films it does not abrogate the need of the plaintiff to make a factual showing of substantial need and undue hardship, as required by CPLR 3101 (d) (2), in order to prevail in their request for depositions of the person(s) who took the videotape. It has been recently held that CPLR 3101 (i) does not eliminate the need for a statement sufficient to satisfy CPLR 3101 (d) (2) with reference to plaintiff’s request for discovery of surveillance videotapes. (See, Boulware v Triborough Bridge & Tunnel Auth., 161 Misc 2d 435 [Sup Ct, NY County 1994].) That court held that plaintiff’s "burden is not a heavy one and appears to be satisfied by a mere recitation of need and unduplicability” (at 437). In the instant motion, plaintiffs seek deposition(s) of the person(s) who took the videotape, which goes beyond what is expressly authorized by CPLR 3101 (i) and therefore plaintiffs have the burden of making a factual showing as required by CPLR 3101 (d) (2), with more than a mere recitation of the requirements. The plaintiffs have failed to meet that burden here. The plaintiffs herein shall be afforded the opportunity to have an expert of their *15 choosing inspect the original surveillance film and shall have the opportunity to authenticate same in that manner.
Additionally, the authenticity and accuracy of the surveillance videotape may be challenged at the trial of this action. In Grossman v Emergency Cesspool & Sewer Cleaners (162 Misc 2d 440 [Sup Ct, Queens County 1994]), the court quashed a subpoena duces tecum and granted a protective order as to plaintiffs’ notice to produce surveillance related items not specified in CPLR 3101 (i), in the absence of a factual showing as required by CPLR 3101 (d) (2). The court held "[t]he tapes are what they are and they show what they show. If the plaintiffs’ attorneys seek to attack the videotapes, their content or the method in which they were recorded, they have every right to do so at time of trial when they are offered * * * into evidence. At that time plaintiffs’ attorneys may exercise their right to a voir dire of the witness who would be laying the foundation for the admission of the said videotapes into evidence” (at 443). The plaintiffs herein have failed to make the required factual showing and, accordingly, the request for deposition(s) is denied. Plaintiffs’ counsel may use any authorized trial tactics to ensure that the videotape, if not authentic and/or accurate, not be admitted into evidence.
In sum, that portion of plaintiffs’ motion which seeks preclusion is denied at this juncture. That portion of the motion which seeks production of the original videotape of the plaintiff and to permit an expert of plaintiff’s choosing an opportunity to review the tape is granted on consent. Third-party defendant’s attorneys shall make the original videotape of surveillance of plaintiff, Shirley Hicklen, available to plaintiffs’ attorney and shall permit plaintiffs’ expert an opportunity to review and inspect said tape at a time that is mutually convenient within 30 days after service of a copy of this order with notice of entry upon third-party defendant’s attorney. The review and inspection shall take place at the office of the attorneys for the third-party defendant. That portion of the motion which seeks deposition(s) of the person(s) who took the surveillance videotape is denied.