OPINION OF THE COURT
John P. Lane, J.
The underlying claim involves a bridge painter’s fall from scaffolding. Liability was found pursuant to Labor Law § 240 (1) on a motion for partial summary judgment, and the case is now before the undersigned for assessment of damages. The parties are vigorously disputing the extent of the injuries suffered and, indeed, at times there appears to be considerable dispute over whether any injuries were suffered at all. The instant motion brought by defendant seeks to quash a trial subpoena duces tecum for videotapes and related materials.
On October 30, 1997, the court heard a motion, No. M-56297, seeking a further independent medical examination of claimant. In response thereto, claimant’s counsel cross-moved for, inter alia, disclosure of an unredacted copy of a four-page confidential investigative report from an agency hired by defense counsel to conduct surveillance of claimant. Pursuant to CPLR 3101 (i), defense counsel had previously disclosed the actual surveillance videotapes made by its investigator along with a redacted report of the surveillance. It was defense counsel’s position that redacting the name of the investigator, the office location from which he commenced the surveillance, the names of informants and one other short entry complied with the requirement of CPLR 3101 (i) that “transcripts or memoranda” of the videotapes be disclosed while protecting what counsel characterized as attorney work product, material prepared in anticipation of litigation, and investigative techniques. With respect to the investigative report, the court’s order on M-56297, which was filed November 10, 1997, directed defendant to disclose the name of the person conducting the surveillance operation and otherwise denied claimant’s cross motion for disclosure.
On or about November 21, 1997, claimant’s counsel served a subpoena duces tecum on the investigative agency requiring production of “All documents and records regarding David Barnes * * * including but not limited to: correspondence; memoranda; notes; reports; surveillance materials and videotapes. (All materials responsive to this request and kept on a *197 computer hard drive and disc should be downloaded to a hard copy so that they can be produced in Court.)” The instant motion to quash ensued. Defense counsel’s affirmation states that the materials sought are irrelevant to any proper inquiry, over-broad, neither admissible nor discoverable, and comprise material prepared in anticipation of litigation and attorney work product. Counsel further indicates that all surveillance tapes and transcripts and memoranda thereof have been disclosed in compliance with the order on motion No. M-56297, and that for tactical and economic reasons he has decided not to use any surveillance materials at trial. Counsel’s affirmation states that the videotape in issue shows claimant washing his car, working on his car, putting gas in his car, and going to class. Claimant had admitted his ability to do these activities in his examinations before trial.
In response to the motion to quash, claimant’s counsel has argued that the investigative report itself “has raised many questions about the completeness of defendant’s disclosure of surveillance materials.” Further, counsel argues that in light of what is characterized as “defendant’s apparent failure to produce all of the surveillance materials required by this Court’s order” claimant is entitled to call the keeper of the records of the investigative agency to testify at trial to authenticate the materials disclosed and to be questioned regarding the completeness of defendant’s disclosure. In addition to calling a witness from the investigative agency, counsel also maintains that claimant is entitled to use the surveillance tapes at trial as part of his case-in-chief.
On December 17, 1997, the court conducted an evidentiary hearing on the motion and heard testimony from the investigator who conducted the surveillance, Scott Cornell. He testified regarding the number of surveillance tapes made, the noise on the tapes, and the number of times he went to claimant’s residence.
Prior to the enactment of CPLR 3101 (i) in 1993 (L 1993, ch 574), a party seeking materials related to a surveillance or investigation conducted on behalf of an opponent was required, pursuant to CPLR 3101 (d) (2), to make a showing of substantial need for such materials in the preparation of the case and inability, without undue hardship, to obtain the substantial equivalent of the materials by other means. (See, e.g., Careccia v Enstrom, 174 AD2d 48, 50; but cf., Kane v Her-Pet Refrig., 181 AD2d 257.) Even after enactment of CPLR 3101 (i), some courts continued to impose the CPLR 3101 (d) (2) requirement *198 for a showing of substantial need and undue hardship before ordering disclosure of surveillance tapes. (See, Boulware v Triborough Bridge & Tunnel Auth., 161 Misc 2d 435.) The Boulware case, however, acknowledged that with respect to surveillance videotapes all that would be required is a “formal deference to the ‘material prepared for litigation’ concept” and that “as a practical matter, once the proper statements have been made, there is no need for a further factual showing.” (161 Misc 2d, at 436.)
In Marigliano v Krumholtz (159 Misc 2d 596), the court was presented with the question whether “transcripts or memoranda” should be made available under CPLR 3101 (i) as freely as the surveillance tapes themselves. The court directed defendants’ attorney to turn over any existing memoranda of all surveillance tapes in compliance with CPLR 3101 (i), but prior to disclosure authorized redaction of “any information contained in the memoranda that constitutes attorney’s work product, such as technical notes or confidential communications between attorney and client, as privileged items.” (159 Misc 2d, at 599.) Following the reasoning of DiMichel v South Buffalo Ry. Co. (80 NY2d 184, cert denied sub nom. Poole v Consolidated Rail Corp., 510 US 816), that surveillance tapes should be disclosed before trial because they can easily be manipulated and counsel needs time to verify their accuracy, the court concluded that the transcripts and memoranda referred to in CPLR 3101 (i) should similarly be disclosed: “It is only by examining the memorandum of a tape that an adversary will be able to discover whether the tape has been distorted or manipulated. Though the discovered tape itself may be revealing, it is possible that a review of it may not reveal a subtle distortion. Nuances can conceal easily the true facts. For example, camera angles, lighting and splicing, among other techniques can cause a film or video to be distorted. True images do not always appear paramount on surveillance tapes * * * But, by examining the memorandum itself, a hidden manipulation may become apparent from the contents of the document. Therefore, a sense of fairness requires any memoranda be disclosed as part of discovery prior to trial, or at trial as in the case before the court.” (159 Misc 2d, at 600.)
Beyond the specific items mentioned in CPLR 3101 (i), however, the courts have continued to impose the CPLR 3101 (d) (2) requirement for a showing of substantial need and undue hardship when faced with demands for such ancillary items as “invoices, reports, correspondence, bills, records of footage, *199 proof of payment, logs of surveillance, etc.” because such items comprise attorney work product and materials prepared in anticipation of litigation and for trial. (Grossman v Emergency Cesspool & Sewer Cleaners, 162 Misc 2d 440, 443.) The court observed that the tapes “are what they are and they show what they show. If the plaintiffs’ attorneys seek to attack the videotapes, their content or the method in which they were recorded, they have every right to do so at time of trial when they are offered to be admitted into evidence. At that time plaintiffs’ attorneys may exercise their right to a voir dire of the witness who would be laying the foundation for the admission of the said videotapes into evidence.” (Supra.)
Similarly, in Hicklen v Broadway W. St. Assocs. (166 Misc 2d 12), the court concluded that depositions of the person or persons who had made the surveillance tapes in issue were not mandated by CPLR 3101 (i), but were instead subject to the requirement of CPLR 3101 (d) (2) that a factual showing of substantial need and undue hardship be made before they could be ordered. In that case, an order to compel depositions was denied.
At this point, the surveillance tapes have been turned over, along with the redacted copy of the investigative report, and the name of the investigator. In addition, the court has heard testimony from the investigator, Mr. Cornell, sufficient to establish that all videotapes made have been disclosed. The questions before the court now are (1) whether the additional material sought in the trial subpoena must be produced; and (2) whether claimant may make offensive use of the videotapes at trial.
With regard to the first question, the court concludes that unless the material sought can be shown to be privileged matter, it must be produced pursuant to the subpoena. CPLR article 31 governs the disclosure process, not the question of what is relevant and admissible at trial. Accordingly, the cases relied upon by counsel with respect to the limited protection for attorney work product and materials prepared in anticipation of litigation are not relevant. There is, however, contrary authority for the proposition that the “all” language of the subpoena is overly broad and that the subpoena should accordingly be quashed rather than putting the burden on the defendant to cull the privileged material from that which must be disclosed. (See, e.g., Feig v Lenox Hill Hosp., 167 Misc 2d 42, appeal dismissed 236 AD2d 897; Grotallio v Soft Drink Leasing Corp., 97 AD2d 383.)
*200 With respect to the second question, the court has found only one case on point, Baird v Campbell (155 Misc 2d 857), which was decided subsequent to DiMichel v South Buffalo Ry. Co. (80 NY2d 184, supra), but prior to enactment of CPLR 3101 (i). In Baird, a plaintiff sought to introduce as part of her case-in-chief on damages six surveillance tapes made by defendant’s investigator, on the grounds that the tapes were material, necessary, relevant and admissible evidence irrespective of the burden of proof. The court refused to permit such use, concluding (1) that CPLR 3101 (d) (2) simply did not extend to cover such a case; (2) that the tapes were not material and necessary to the prosecution of plaintiffs’ damages action; and (3) that the Court of Appeals decision in DiMichel v South Buffalo Ry. Co. (supra) supported that result on grounds of fairness. This court respectfully disagrees. As indicated above, article 31 governs disclosure, not the question of what is relevant and admissible at trial. Further, the DiMichel case discussed fairness in the context of plaintiff’s counsel having commented to the jury on inferences to be drawn from defense counsel’s failure to introduce the surveillance tapes at trial. In the case at bar, the court sees no unfairness in permitting claimant to use the tapes at trial. As stated in the Grossman case (supra), the tapes show what they show, and claimant has already testified at deposition that he was able to perform the activities taped, but with difficulty. Presumably, the tapes will show that claimant performed the activities shown with some degree of difficulty or awkwardness. The tapes are essentially no more than bootstrapping, and normally could be dismissed as merely cumulative. Given the strong defense waged in this case, however, and the suggestions that claimant may be malingering or even fabricating a disability, the court concludes claimant is entitled to make use of the tapes as a means of corroborating his other evidence since they were made without his knowledge or consent and essentially constitute an independent source of evidence as to his disability. The DiMichel case does not prohibit all use of surveillance tapes by the party videotaped. Rather, it prohibits encouraging a jury to speculate as to the contents of tapes that a defendant chooses not to use.
For the reasons set forth above, it is hereby ordered that the motion to quash is denied in part, and claimant may introduce the videotapes into evidence to the extent they are relevant and material to his claim for damages.