Beckford v Gross (2004 NY Slip Op 24085)

Beckford v Gross

2004 NY Slip Op 24085 [3 Misc 3d 638]

March 25, 2004

Supreme Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 16, 2004

[*1]
Donovan A. Beckford et al., Plaintiffs,
v
Gordon R. Gross, II, Defendant.
Supreme Court, Monroe County, March 25, 2004

APPEARANCES OF COUNSEL

Fitzsimmons, Nunn & Fitzsimmons, Rochester (Mark S. Nunn of counsel), for plaintiffs. Egger & Leegant, Rochester (JoAnne Leegant of counsel), for defendant.

{**3 Misc 3d at 638} OPINION OF THE COURT

Robert J. Lunn, J.
{**3 Misc 3d at 639}In January 2004, defendant's attorney provided plaintiff's attorney with a copy of a surveillance videotape taken of plaintiff at the request of defendant's liability insurance carrier. Subsequent to delivery of the videotape, defendant's counsel indicated to plaintiff's counsel that the investigators had also prepared a "report" of their investigation. Plaintiff's attorney then requested a copy of the report. Defendant has refused to provide a copy of the report contending that it is confidential correspondence consisting of material prepared for litigation containing commentary, opinions and conclusions of the investigator, as well as suggestions as to how to proceed with the investigation. Plaintiff argues that, since defendant has admitted that initially the investigator videotaped the wrong person, the reliability of the entire videotape is suspect. Additionally, plaintiff reasons that the report is necessary in order to properly cross-examine the investigator who is expected to testify at trial.
Plaintiff now seeks an order compelling defendant to furnish him with a copy of all notes, reports or memoranda prepared by the investigators who took the surveillance videotape of plaintiff. Defendant cross-moves for a protective order precluding the disclosure of the report.
CPLR 3101 (i) provides:
"In addition to any other matter which may be subject to disclosure, there shall be full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a person referred to in paragraph one of subdivision (a) of this section. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use" (emphasis added).
[*2]This court could not find any appellate authority interpreting what may constitute memoranda of a videotape. The only reported decisions are at the trial level.
In Marigliano v Krumholtz (159 Misc 2d 596 [Sup Ct, Queens County 1993]), the court required disclosure of notes or memoranda of surveillance tapes subject to redaction "of any information contained in the memoranda that constitutes attorney's work product, such as technical notes or confidential communications between attorney and client, as privileged items" (id. at 599). The court reasoned that disclosure was required by the statute because
"[i]t is only by examining the memorandum of a tape {**3 Misc 3d at 640}that an adversary will be able to discover whether the tape has been distorted or manipulated. Though the discovered tape itself may be revealing, it is possible that a review of it may not reveal a subtle distortion. Nuances can conceal easily the true facts. For example, camera angles, lighting and splicing, among other techniques can cause a film or video to be distorted. True images do not always appear paramount on surveillance tapes . . . But, by examining the memorandum itself, a hidden manipulation may become apparent from the contents of the document. Therefore, a sense of fairness requires any memoranda be disclosed as part of discovery prior to trial, or at trial as in the case before the court." (Id. at 600.)
Here, there is no suggestion that the report requested by plaintiff, which is in the form of a letter from the investigator to defendant's liability insurance carrier's claims adjuster, contains any communication to defendant's attorney.
This same issue was also addressed in Grossman v Emergency Cesspool & Sewer Cleaners (162 Misc 2d 440 [Sup Ct, Queens County 1994]). In that case, plaintiff demanded production of
"all surveillance reports, correspondence, memoranda, bills, invoices and proof of payments for surveillance, investigative services reported, records, notes and logs of all of the parties and any material relevant to this lawsuit that the defendant(s) intends to produce at the time of the trial, and the names and addresses of all investigators and photographers in this matter. This includes, but is not limited to records of amount of footage of film/video/audio tape used; the type of equipment used to take, develop and convert/edit and transfer and transcribe such film/tape; the make and model of all equipment, lenses and range settings used" (Grossman v Emergency Cesspool & Sewer Cleaners, 162 Misc 2d 440, 441 [1994]).
The court denied disclosure of these materials stating that "CPLR 3101 (i) does not either expressly or impliedly refer to any of the above information demanded such as invoices, reports, correspondence, bills, records of footage, proof of payment, logs of surveillance, etc." (Id. at 443.) The court further held they were not discoverable absent a showing of substantial need and undue hardship (id.).{**3 Misc 3d at 641}
Lastly, in Barnes v New York State Thruway Auth. (176 Misc 2d 195 [Ct Cl 1998]), the Court of Claims, while quashing the "all" language of a subpoena which demanded the production at trial of "[a]ll documents and records regarding [plaintiff] . . . including but not limited to: correspondence; memoranda; notes; reports; surveillance materials and videotapes," held that "unless the material sought can be shown to be privileged matter, it must be produced pursuant to the subpoena" (Barnes v New York State Thruway Auth., 176 Misc 2d 195, 196, 199).
In its simplest terms, the issue becomes whether the letter accompanying the surveillance tape from the investigator to the claims adjuster constitutes a "memoranda" expressly subject to disclosure pursuant to CPLR 3101 (i). Clearly, plaintiff is not seeking the breadth of materials sought in the Grossman case which would trigger plaintiff having to first show substantial need [*3]and undue hardship before those materials would be subject to disclosure. This court declines to adopt that part of the Grossman decision which included reports and correspondence within those types of materials subject to the substantial need and undue hardship standard. The form of a memorandum regarding a surveillance tape should not govern its discoverability. There is no substantive difference in the content between documents styled as memoranda, letters or reports. If they concern a videotape of a party to litigation, whether they are subject to disclosure should not turn on the style of the written transmittal.
Defendant also argues that plaintiff should have the burden in the first instance of showing that the tape may have been manipulated or misrepresents plaintiff prior to disclosure of any report of the surveillance. However, the rationale of Marigliano v Krumholtz (159 Misc 2d 596 [1993], supra) is the better view. The report in whatever form it exists, i.e., memoranda or letter, is necessary in order for plaintiff to determine initially if the tape may have been manipulated or misrepresents plaintiff. The tape itself may not show the manipulation or misrepresentation without considering the report which goes with it. In order to aid the truth seeking process of all litigation, unless the report contains attorney-client privileged communications, it should be disclosed.
For the foregoing reasons, plaintiff's motion is granted. The cross motion for a protective order is denied. If defendant's attorney believes the letter contains privileged attorney-client communications, {**3 Misc 3d at 642}it shall be first provided to the court for in camera review. Otherwise, defendant shall immediately provide to plaintiff a copy of the investigator's letter to the claims adjuster which accompanied the surveillance videotape.