OPINION OF THE COURT
Arlene P. Bluth, J.
The motion by plaintiff to strike the answers of defendant the City of New York and defendant Petrocelli Electric Co., Inc. or, in the alternative, striking these defendants’ notices of intention is granted only to the extent that the portion of the surveillance videos shot in a courthouse cannot be used at trial.
Background
This action arises out of an alleged motor vehicle accident wherein plaintiff, who was driving a motorcycle or motor scooter, was involved in a collision with a car owned by defendant Adel Construction and operated by defendant Omeragic. The alleged accident occurred on July 19, 2006 near the intersection of Seventh Avenue South and Bedford Street, New York, New York.
Plaintiff claims that the City and Petrocelli have refused to respond to plaintiff’s demand for information about defendants’ notices of intention.
Discussion
The City served four notices of intention and Petrocelli then served identical ones. The four items are (1) tickets issued to plaintiff by the New York State DMV, (2) photographs of the plaintiff, (3) two surveillance videos of plaintiff, and (4) Civil Court pleadings from a case initiated by plaintiff.
As an initial matter, at oral argument on January 24, 2017, plaintiff’s counsel agreed to withdraw the branch of her motion that sought to strike the use of the Civil Court pleadings.
The DMV Tickets
The City insists that the public can request DMV records for use in connection with a civil proceeding and, therefore, these records should not be stricken. Both defendants argue that the trial court can determine whether or not these records are admissible. The court agrees with defendants on this branch of the motion. The trial court can properly rule on the admissibil *838 ity of this evidence; making a ruling now would be premature. Further, as defendants have demonstrated, information about plaintiff’s DMV records are publicly available. Accordingly, this branch of plaintiff’s motion is denied.
Photographs
Plaintiff seeks information regarding the photographs attached to defendants’ notices of intention. Plaintiff cites CPLR 3101 (i) for the proposition that she is entitled to, inter alia, full disclosure of information about the photographs including the address, date and time at which the photos were taken. Plaintiff also wants the name and address of the photographer and the name and address of individuals other than the photographer present at the time the photos were taken.
The City claims that it does not possesses the original photos and has provided plaintiff with copies of the photos obtained by its investigator. The City also asserts that there were no memoranda generated regarding the photos and that the City obtained the photos in late January 2016, which was after plaintiff’s depositions (July 11, 2008 and Dec. 9, 2015). The City argues that the identity of the photographer is attorney-client work product.
The court finds that plaintiff is not entitled to the information she seeks and instead may exercise her right to a voir dire of the witness called to lay the foundation for the admission of the photographs into evidence (Grossman v Emergency Cesspool & Sewer Cleaners, 162 Misc 2d 440, 443 [Sup Ct, Queens County 1994]). The photos show what they show and it will be defendants’ burden to authenticate them in order to introduce the photos as evidence at trial. At that time, plaintiff can challenge the process by which the photos were taken and ask questions about the photographer.
Given that the photos are likely to be used by defendants to challenge plaintiff’s claims and demonstrate that plaintiff may not be as injured as she claims, it is even more appropriate for the trial judge to assess admissibility.
Surveillance Videos
The court will apply the same standard for the surveillance videos as the photographs (see Grossman, 162 Misc 2d at 443). It will be up to the trial judge to determine the admissibility of evidence offered at trial. As stated above, the trial judge is in the best position to make such a ruling because she or he can assess the relevance of the evidence, especially after plaintiff testifies.
*839 However, plaintiff also alleges that certain portions of the videos show plaintiff walking within New York County Civil Court located at 111 Centre Street, New York, New York. Plaintiff insists that this video violates section 29.1 of the Rules of the Chief Judge (22 NYCRR 29.1), which provides that
“(a) Taking photographs, films or videotapes, or au-diotaping, broadcasting or telecasting, in a courthouse including any courtroom, office or hallway thereof, at any time or on any occasion, whether or not the court is in session, is forbidden, unless permission of the Chief Administrator of the Courts or a designee of the Chief Administrator is first obtained; provided, however, that the permission of the Chief Judge of the Court of Appeals or the presiding justice of an Appellate Division shall be obtained with respect to the court over which each presides.”
The City insists that the videos were taken by a private investigator and that one of the videos shows plaintiff running down the steps of a stairwell in 111 Centre Street. The City argues that section 29.1 does not prohibit videotaping of a stairwell in a courthouse. The City also argues that the rule does not set forth a penalty for violation of this rule and plaintiff provides no case law for precluding the video. The City maintains that if this court were to rule that prior permission was required, it would not seek to introduce that portion of the video at the time of trial.
Petrocelli claims that prior decisions do not support preclusion of the videotape and stresses that plaintiff entered the courthouse at 111 Centre Street voluntarily.
The court finds that defendants are precluded from using any portion of the video that shows plaintiff in the courthouse at 111 Centre Street. Although the rule does not specifically mention stairwell, it clearly says courthouse and the stairwell is in the courthouse. Taking videotapes in the courthouse is forbidden. Besides, the use of the phrase “courthouse, including . . .” means that the words appearing after are mere examples of prohibited places rather than the only prohibited places. Therefore, this rule clearly bans videotaping without permission in a courthouse, which includes the courthouse located at 111 Centre Street. And defendants provided no evidence that the City or the videographer retained by the City obtained permission before taking the video.
*840 As defendants correctly argue, there are no cases in which a violation of this rule resulted in the preclusion of evidence. However, the parties did not cite, and this court was unable to find, a case in which a court considered whether to exclude evidence based on a violation of this rule. The cases citing section 29.1 focus primarily on First Amendment rights (see e.g. Leibovitz v Barry, 2016 WL 5107064, 2016 US Dist LEXIS 128231 [ED NY, Sept. 20, 2016, No. 15-CV-1722 (KAM)]) or disciplinary actions against an attorney (see e.g. Schorr v Prudenti, 2016 WL 1070850, 2016 US Dist LEXIS 34052 [SD NY, Mar. 15, 2016, No. 15 Civ. 4054]).
Contrary to other Uniform Rules (such as 22 NYCRR 202.27), section 29.1 does not proscribe a penalty for its violation. But what purpose would the Rules of the Chief Judge serve if a violation did not have a consequence? It would not be equitable for a party to simply ignore a rule that does not contain a penalty and use evidence obtained by breaking a rule to the detriment of the other party. If this rule is to have any purpose or practical effect, then it must have consequences when it is broken. The appropriate consequence under these circumstances is to preclude defendants from gaining an advantage through improper means and preventing defendants from using the portions of the video at trial that depict plaintiff inside 111 Centre Street. Now there is a case in which violation of section 29.1 of the Rules of the Chief Judge (22 NYCRR 29.1) resulted in preclusion of the pictures taken.
The court declines to strike the portion of the video showing plaintiff outside the courthouse—that is, once plaintiff is on the sidewalk and purportedly gets on a bicycle. The question of whether this might be admissible is up to the trial court. As stated above, plaintiff may exercise her right to voir dire the witness provided to lay the foundation for admission of the video into evidence.
Accordingly, it is hereby ordered that plaintiff’s motion to strike defendants’ answers or, in the alternative, to strike defendants’ notices of intention is granted only to the extent that defendants are prohibited from using portions of the surveillance video that depict plaintiff in 111 Centre Street.